UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'NEAL, | No. 2:14-cv-2374 KJN PS (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| AUGUST JOHNSON, et al., | |
| Defendants. | |

On December 7, 2015, plaintiff filed a motion for leave to amend the eighth amended complaint and noticed that motion for hearing before the undersigned on January 7, 2016. (Dkt. No. 66.)

"This court considers the following five factors to assess whether to grant leave to amend: '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.'" In re Western States Wholesale Natural Gas Antitrust Litigation, 715 F.3d 716, 738 (9th Cir. 2013) (quoting Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)). The "'court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "'[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party

1

seeking amendment since the inception of the cause of action.'" Royal Ins. Co. of America v. Southwest Marine, 194 F.3d 1009, 1016-17 (9th Cir. 1999) (quoting Acri v. International Assoc. of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986)).

Here, the previously assigned Magistrate Judge repeatedly informed plaintiff that no further amendment would be permitted in this action. (See Dkt. No. 50 at 2.) Moreover, a review of the docket reveals that plaintiff has repeatedly been granted leave to amend, as evidenced by the fact that he is proceeding on an eighth amended complaint, which has caused undue delay, as evidenced by the fact that plaintiff's original complaint was filed on September 11, 2012, (Dkt. No. 1-1 at 2), and yet this action has not proceeded past the pleading stage. Finally, a review of the proposed ninth amended complaint reveals that, at a minimum, the facts alleged therein have been known to plaintiff since the inception of this action.

In this regard, the weight of the undue delay and the number of times plaintiff has previously amended his complaint weigh significantly in favor of denying further leave to amend, even, assuming arguendo, that there is an absence of bad faith, prejudice to the opposing party and that plaintiff's proposed amendment is not futile.

Accordingly, IT IS ORDERED that plaintiff's December 7, 2015 motion for leave to amend (Dkt. No. 66) is denied and the January 7, 2016 hearing is vacated.[1]

Dated: December 11, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

o'neal2374.mta.den.ord.docx

---

[1] Plaintiff, of course, may further amend his complaint with the consent of the opposing parties.

2