1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SEAN O'NEAL,                          No.  2:14-cv-2374 KJN PS (TEMP)

12                    Plaintiff,

13         v.                              ORDER

14   AUGUST JOHNSON, et al.,

15                    Defendants.

16

17         This matter came before the court on February 4, 2016, for the hearing of defendants

18   County of Sacramento, Anissa Galata and Jan Scully's motion to dismiss plaintiff's eighth

19   amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Attorney

20   John Whitefleet appeared on behalf of the moving defendants and plaintiff appeared on his own

21   behalf.[2]  The undersigned has fully considered the parties' briefs, the parties' oral arguments, and

22   appropriate portions of the record.  For the reasons that follow, the defendants' motion to dismiss

23   is granted and this action will proceed as to the remaining defendants subject to the schedule set

24   forth below.

---

[1]  The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28
U.S.C. § 636(c)(1).  (Dkt. Nos. 16 & 60.)

[2]  Attorney Sean Richmond also appeared on behalf of non-moving defendants City of Sacramento
and August Johnson.  Defendants City of Sacramento and August Johnson have answered the
eighth amended complaint.  (Dkt. No. 71.)

1

1    **I.**    *Relevant Allegations of the Eighth Amended Complaint*

2          On December 13, 2010, plaintiff arrived in Sacramento aboard a Greyhound bus while

3    carrying 3.75 pounds of marijuana.  (8th Am. Compl. (Dkt. No. 33) at 8.[3])  While waiting for

4    another bus plaintiff was notified by a security officer that the officer could smell marijuana.

5    (Id.)  Plaintiff presented a valid medical marijuana identification card.  (Id.)  The security officer

6    informed plaintiff that "they don't except (sic) medical marijuana IDs" and that if plaintiff wanted

7    to remain he "had to consent to a search of [his] luggage."  (Id.)  Plaintiff left the Greyhound

8    station.  (Id. at 9.)

9          While walking down J Street plaintiff was stopped by defendant Sacramento City Police

10   Officer August Johnson.  (Id.)  Officer Johnson informed plaintiff that he could smell marijuana.

11   (Id.)  Plaintiff provided Officer Johnson with his valid medical marijuana identification card.

12   (Id.)  Officer Johnson handcuffed plaintiff, searched plaintiff's luggage, seized his 3.75 pounds of

13   marijuana and arrested plaintiff for violating California Health & Safety Code §§ 11359 and

14   11360.[4]  (Id. at 10.)

15         Plaintiff was prosecuted on these charges by defendant Sacramento County District

16   Attorney Jan Scully and defendant Sacramento County Deputy District Attorney Anissa Galta,

17   who "maliciously withheld exculpatory evidence [of plaintiff's] valid medical marijuana ID . . . ."

18   (Id.)  After eight months of incarceration, however, "the District Attorney provided a picture of

19   the . . . valid Medical Marijuana ID," dated 17 days' after plaintiff's arrest.  (Id. at 11.)  On

20   December 6, 2011, nearly a year after plaintiff's arrest and incarceration, the Sacramento County

21   Superior Court found that officer Johnson's search of plaintiff lacked probable cause, (id. at 9),

22   and plaintiff was released from jail on December 7, 2011.  (Id. at 12.)  Based on these allegations,

23   plaintiff's eighth amended complaint asserts multiple causes of action for violations of 42 U.S.C.

24   § 1983, as well as state law causes of action for false arrest and imprisonment, malicious

25   _____

26   [3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

27

28   [4]  California Health & Safety Code sections 11359 and 11360 prohibit the sale and transportation
     of marijuana.

1    prosecution and malpractice.

2    **II.**    *Standards for Motion to Dismiss Pursuant to Rule 12(b)(6)*

3         A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

4    challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

5    Bank, N.A., 654 F.Supp.2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of

6    the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

7    plain statement" of plaintiff's claims showing entitlement to relief.  FED. R. CIV. P. 8(a)(2); see

8    also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

9    a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

10   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

11   Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

12   factual content that allows the court to draw the reasonable inference that the defendant is liable

13   for the misconduct alleged."  Id.

14        In considering a motion to dismiss for failure to state a claim, the court accepts all of the

15   facts alleged in the complaint as true and construes them in the light most favorable to the

16   plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

17   however, required to accept as true conclusory allegations that are contradicted by documents

18   referred to in the complaint, and [the court does] not necessarily assume the truth of legal

19   conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

20   1071.  The court must construe a pro se pleading liberally to determine if it states a claim and,

21   prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

22   to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

23   Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

24   Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

25   particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

26   & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when

27   evaluating them under the standard announced in Iqbal ).

28   /////

1   In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

2   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

3   matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506

4   F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not

5   consider a memorandum in opposition to a defendant's motion to dismiss to determine the

6   propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

7   1197 n.1 (9th Cir.1998), it may consider allegations raised in opposition papers in deciding

8   whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

9   2003).

10  **III.    *Discussion***

11          Defendants' motion argues that all of the claims asserted against the moving defendants,

12  which were asserted for the first time in plaintiff's eighth amended complaint filed July 10, 2015,

13  are barred by the applicable statutes of limitation. (Defs.' MTD (Dkt. No. 70) at 16-17.)

14  Specifically, defendants argue that plaintiff's claims against them "began running on December 6,

15  2011, and expired on December 6, 2013." (Id. at 17.)

16          "A party may raise a statute of limitations argument in a motion to dismiss if it is apparent

17  from the face of the complaint that the complaint was not timely filed and that plaintiff will be

18  unable to prove facts that will establish the timeliness of the claim." Hardesty v. Sacramento

19  Metro. Air Quality Mgmt. Dist., 935 F.Supp.2d 968, 979 (E.D. Cal. 2013) (citing Von Saher v.

20  Norton Simon Museum, 592 F.3d 954, 969 (9th Cir. 2010); Supermail Cargo, Inc. v. United

21  States, 68 F.3d 1204, 1206 (9th Cir. 1995)).

22          "In determining the proper statute of limitations for actions brought under 42 U.S.C. §

23  1983, [courts] look to the statute of limitations for personal injury actions in the forum state."

24  Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under California law, the statute of

25  limitations for personal injury actions is two years.[5] Id.; CAL. CODE CIV PRO. § 335.1. In this

26  _____

27  [5] The eighth amended complaint's state law claims for false arrest and imprisonment, malicious prosecution and malpractice are subject to a one year statute of limitations. See CAL. CIV. PRO §

28  340 (one year statute of limitations for false imprisonment); CAL. CIV. PRO § 340.6(a) ("An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the

1   regard, the statutes of limitation for plaintiff's claims against the moving defendants ran no later

2   than December 7, 2013.[6]  See Lopez v. City of Santa Ana, Case No. CV 14-01369 SVW (RAO),

3   2015 WL 9918408, at *3 (C.D. Cal. Dec. 21, 2015) ("Here, Plaintiff's arrest occurred on

4   February 5, 2012.  Plaintiff was detained as a result of that arrest until April 12, 2012.  Plaintiff

5   thus had until April 12, 2014 to pursue his false arrest and imprisonment claims within the

6   limitations period.").

7        In his opposition, plaintiff argues that these claims are not barred by the applicable

8   statutes of limitation because they "relate[] back" to original complaint filed by plaintiff on

9   September 11, 2012, which was filed well within the period for the applicable statutes of

10  limitation.  (Pl.'s Opp.'n (Dkt. No. 74) at 2.)  "[B]ecause the limitations period derives from state

11  law, Rule 15(c)(1) requires [the court] to consider both federal and state law and employ

12  whichever affords the 'more permissive' relation back standard."  Butler v. National Community

13  Renaissance of California, 766 F.3d 1191, 1201 (9th Cir. 2014) (quoting Coons v. Indus. Knife

14  Co., 620 F.3d 38, 42 (1st Cir. 2010)).

15       "Rule 15(c)(1)(C) provides the federal standard for whether a pleading relates back."

16  Butler, 766 F.3d at 1202.  When an amended complaint seeks to add a party as a defendant, the

17  amended compliant will relate back to the date the original complaint was filed if the newly

18  named defendant "(i) received such notice of the action that it will not be prejudiced in defending

19  on the merits; and (ii) knew or should have known that the action would have been brought

20  against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C);

21  see also Motley v. Parks, 198 F.R.D. 532, 534 (C.D. Cal. 2000).

22

23  performance of professional services shall be commenced within one year after the plaintiff
    discovers, or through the use of reasonable diligence should have discovered, the facts
24  constituting the wrongful act or omission, or four years from the date of the wrongful act or
    omission, whichever occurs first.").
25

26  [6]  Because the eighth amended complaint alleges that plaintiff was released from jail on
    December 7, 2011, the court will use that date as the date the applicable statutes of limitation
27  began to run.  See Mondragon v. Thompson, 519 F.3d 1078, 1083 (10th Cir. 2008) ("either the
    date of release or the date of sufficient legal process starts the statute of limitations running for
28  the Fourth Amendment claim").

                                          5

1    Rule 15(c)(1)(C), however, also requires that the plaintiff have complied with the service

2    provisions of Rule 4(m).  Butler, 766 F.3d at 1202.  At the time plaintiff filed his eighth amended

3    complaint, Rule 4(m) required that the defendants have been served with the eighth amended

4    complaint within 120 days after the original complaint was filed.  See Butler, 766 F.3d at 1202

5    ("requirements must have been fulfilled within 120 days after the original complaint is filed").

6    Here, the moving defendants were not served with notice of this action until many years after the

7    filing of the original complaint.  Accordingly, the eighth amended complaint does not relate back

8    to the original complaint under federal law.

9    With respect to California law, "[a]s a general rule, 'an amended complaint that adds a

10   new defendant does not relate back to the date of filing the original complaint and the statute of

11   limitations is applied as of the date the amended complaint is filed.'" A.C. by and through

12   Calhoun v. City of Santa Clara, No. C-13-3276 EMC, 2014 WL 1678004, at *2 (N.D. Cal. Apr.

13   28, 2014) (quoting Woo v. Superior Court, 75 Cal.App.4th 169, 176 (1999)); see also

14   Anderson v. Allstate Ins. Co., 630 F.2d 677, 683 (9th Cir. 1980) ("Under California law, if a

15   defendant is added to an amended complaint as a new defendant, and not as a Doe defendant, the

16   amendment does not relate back to the time of the original complaint."); McGee Street

17   Productions v. Workers' Comp. Appeals Bd., 108 Cal.App.4th 717, 724 (2003) ("a complaint

18   may not be amended to add a new defendant after the statute of limitations has run").  Here, the

19   eighth amended complaint added the moving defendants to this action.  Prior to the filing of the

20   eighth amended complaint the only named defendants were the City of Sacramento and officer

21   Johnson.

22   However, "[a] recognized exception to the general rule is the substitution under

23   [California Code of Civil Procedure] Section 474 of a new defendant for a fictitious Doe

24   defendant named in the original complaint as to whom a cause of action was stated in the original

25   complaint." Woo, 75 Cal. App.4th at 176; see also Jackson v. Fischer, 931 F.Supp.2d 1049, 1075

26   (N.D. Cal. 2013) ("an amended complaint that adds a new defendant does not relate back to the

27   date of filing of the original complaint unless the new defendant is being substituted for a

28   fictitious Doe named in the original complaint"); Kerr-Mcgee Chemical Corp. v. Superior Court,

6

1  160 Cal.App.3d 594, 597 (1984) ("A person or entity may become a party defendant only in two

2  ways: by being named as a defendant, or by being properly named and served as a fictitiously

3  named defendant pursuant to section 474.").

4        Plaintiff, however, must have a "good faith ignorance of the true name of a fictitiously

5  designated defendant . . . ." McGee Street Productions, 108 Cal. App.4th at 725.  "'[T]he relevant

6  inquiry when the plaintiff seeks to substitute a real defendant for one sued fictitiously is what

7  facts the plaintiff actually knew at the time the original complaint was filed.'"  Fuller v. Tucker,

8  84 Cal.App.4th 1163, 1170 (2000) (quoting General Motors Corp. v. Superior Court, 48

9  Cal.App.4th 580, 588 (1996)).  "'It is when [plaintiff] is actually ignorant of a certain fact, not

10  when [plaintiff] might by the use of reasonable diligence have discovered it.  Whether [plaintiff's]

11  ignorance is from misfortune or negligence, [plaintiff] is alike ignorant, and this is all the statute

12  requires.'"  Id. (quoting Irving v. Carpentier, 70 Cal. 23, 26 (Cal. 1886)).

13        Here, plaintiff's original complaint did not name a fictitious Doe defendant.  (Compl.

14  (Dkt. No. 1-1) at 2.)  Moreover, it is undisputed that plaintiff was aware of all the facts and the

15  identities of each party found in the eighth amended complaint when he was released from

16  incarceration on December 7, 2011.  Indeed, at the February 4, 2016 hearing plaintiff stated that

17  the reason he had not previously alleged any claims against the moving defendants prior to filing

18  the eighth amended complaint was only because he was unaware of 42 U.S.C. § 1983.  That,

19  however, is not a permissible reason to find that the eighth amended complaint relates back to the

20  original complaint.  See Butler, 766 F.3d at 1202 ("Accordingly, because Butler was not ignorant

21  of the appellees' names or identities at the time the original complaint was filed, those

22  amendments do not relate back under § 474."); Woo, 75 Cal.App.4th at 177 ("if the identity

23  ignorance requirement of section 474 is not met, a new defendant may not be added after the

24  statute of limitations has expired even if the new defendant cannot establish prejudice resulting

25  from the delay").

26        Accordingly, for the reasons stated above, the eighth amended complaint's claims against

27  the moving defendants are barred by the applicable statutes of limitation.  Defendants' motion to

28  ////

1  dismiss is, therefore, granted.[7]

2  **IV.    *Leave to Amend***

3      The undersigned has carefully considered whether plaintiff may further amend his

4  complaint to assert a claim that would not be barred by the applicable statutes of limitation.

5  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

6  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).

7  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th

8  Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to

9  allow futile amendments).  In light of allegations found in plaintiff's eighth amended complaint

10  and the apparent running of the statutes of limitation the undersigned finds that it would be futile

11  to grant plaintiff further leave to amend in this case.

12  **V.    *Scheduling***

13      Having resolved the moving defendants' motion to dismiss, the court now sets a schedule

14  so that the prosecution of this action may proceed.[8]  The parties are directed to review the

15  definitions and procedural requirements set forth fully in the court's status (pretrial scheduling)

16  order issued February 2, 2015.  (Dkt. No. 18.)  Moving forward:

17      1. All discovery shall be completed by **May 26, 2016**.[9]

18      2. All pretrial motions, except motions to compel discovery, shall be completed by **July**

19

20

---

21  [7]  Defendants' motion to dismiss asserts several other arguments in favor of dismissing the claims
   found in the eighth amended complaint.  The court, however, need not reach those claims in light
22  of the running of the statutes of limitation.

23  [8]  At the February 4, 2016 hearing, counsel for answering defendants inquired as to whether it
   would be appropriate to re-notice for hearing defendants' motion for summary judgment.
24  Because the moving defendants' motion to dismiss has been resolved, the court will leave that
   decision to counsel's discretion.  As noted at the hearing, however, counsel should be cognizant
25  of Rule 56(d).

26  [9] The word "completed" in this context means that all discovery shall have been conducted so that
27  all depositions have been taken and any disputes relative to discovery shall have been resolved by
   appropriate order if necessary and, where discovery has been ordered, the order has been
28  complied with.

8

1    **14, 2016.**[10]

2          4.  A Final Pretrial Conference is **SET** for **September 22, 2016**, at **10:00 a.m.**, in

3    Courtroom No. 25 before the undersigned.  The parties are cautioned that any counsel appearing

4    for Final Pretrial Conference shall in fact try the matter; and

5          5.  A jury trial not to exceed four court days in length is **SET** for **November 28, 2016,** at

6    **9:30 a.m.,** in Courtroom No. 25 before the undersigned.

7    **VI.    *Conclusion***

8          For the reasons set forth above, IT IS ORDERED that:

9          1.  Defendants County of Sacramento, Anissa Galata and Jan Scully's December

10   16, 2015 motion to dismiss (Dkt. No. 70) is granted;

11         2.  The eighth amended complaint's claims against defendants County of

12   Sacramento, Anissa Galata and Jan Scully are dismissed without leave to amend and those

13   defendants are dismissed from this action.

14         3.  In light of the schedule set forth above, plaintiff's February 8, 2016 motion for

15   an extension of time to conduct discovery (Dkt. No. 77) is denied as having been rendered moot

16   and the March 10, 2016 hearing is vacated[11]; and

17         4.  This action shall proceed on the schedule set forth above.

18   Dated:  February 26, 2016

19

20   _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

21

22   /o'neal2374.mtd.grt.docx

23   _____

24   [10] The word "completed" in this context means that all law and motion matters must be heard on or before the above date.

25   [11]  Plaintiff's motion requested a discovery deadline of September 11, 2016, because plaintiff

26   "expects a rather long discovery process," and "may have to file" motions to compel.  (Dkt. No. 77 at 1-2.)  At this time, however, those assertions are purely speculative.  And the parties have

27   already conducted discovery in this action.  If, after diligently conducting additional discovery, plaintiff believes he can establish good cause for a further extension of the discovery deadline,

28   plaintiff may at that time move for an extension of the discovery deadline.