UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'NEAL,<br><br>          Plaintiff,<br><br>     v.<br><br>AUGUST JOHNSON, et al.,<br><br>          Defendants. | No. 2:14-cv-2374 DB PS<br><br><br>ORDER |

On September 14, 2016, plaintiff filed a motion requesting a continuation of the September 30, 2016 hearing of defendants' motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.[1] (Dkt. No. 114.) Defendants filed an opposition on September 16, 2016. (Dkt. No. 117.)

Under Rule 56(d), the court must deny or continue a motion for summary judgment if an opposing party can show that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Indeed, Rule 56(d) "require[es], rather than merely permit[s], discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." Metabolife Int'l Inc. v. Wornick, 264 F.3d 832, 849 (9th Cir. 2001).

---

[1] The parties previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (Dkt. No. 16.)

1

1. The opposing party "must identify the specific facts that further discovery would reveal and explain why these facts would preclude summary judgment." Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

In order to be entitled to relief under Rule 56(d), however, plaintiff here "must show (1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998); see also Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (noting that to obtain a continuance under 56(d) a party must make a timely application, specifically identifying the relevant information and some basis for the belief that the information sought actually exists); Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) ("The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists."). In addition, the movant must also establish their diligence in previously pursuing the discovery that they now assert is necessary. Pfingston v. Ronan Engineering Co., 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56[d] motion."). "District courts have wide latitude in controlling discovery, and decisions not to permit further discovery in response to motions made pursuant to Federal Rule of Civil Procedure 56[d] are reviewed for abuse of discretion." United States v. Johnson Controls, Inc., 457 F.3d 1009, 1023 (9th Cir. 2006) (citing United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002)); see also Swoger v. Rare Coins Wholesalers, 803 F.3d 1045, 1047 (9th Cir. 2015).

Here, discovery in this action closed on May 26, 2016. In this regard, plaintiff has failed to establish diligence. Moreover, plaintiff's motion fails to set forth specific facts that he hopes to elicit from further discovery, that the facts sought exist, and that these sought-after facts are 'essential' to resist the summary judgment motion. In this regard, plaintiff's motion argues that he has "just barely begun to scratch the surface" and that plaintiff "has some more special interrogatory questions to ask depending on [defendants'] answers." (Dkt. No. 114-1) at 3.)
/////

2

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's September 14, 2016 motion

2 under Rule 56(d) (Dkt. No. 114) is denied.[2]

3 Dated: September 22, 2016

                                      DEBORAH BARNES
                                      UNITED STATES MAGISTRATE JUDGE

DLB:6
Ddb1\orders.consent\o'neal2374.ord

---

[2] Plaintiff's motion, however, also asserted that a continuation of the hearing of defendants' motion for summary judgment was necessary because plaintiff did not have sufficient materials available at his law library. In a separate order, the court continued the hearing of defendants' motion for summary judgment from September 30, 2016, to October 7, 2016, allowing plaintiff additional time to research and draft his opposition. (Dkt. No. 119.)