UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'NEAL,<br><br>        Plaintiff,<br><br>    v.<br><br>AUGUST JOHNSON, et al.,<br><br>        Defendants. | No. 2:14-cv-2374 DB PS<br><br><br>ORDER |

This matter is set for a Final Pretrial Conference before the undersigned on June 9, 2017.[1] However, on May 22, 2017, plaintiff filed a motion for reconsideration and noticed the motion for hearing before the undersigned on June 23, 2017. (ECF No. 158.) While it may not be possible to avoid the further delay of this action—an action that has already been considerably delayed due to the actions of both parties—the parties are advised that the court will attempt to address plaintiff's motion at the June 9, 2017 Final Pretrial Conference in hopes of reaching a satisfactory resolution and maintaining the June 26, 2017 trial date.[2]

////

////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 16.)

[2] The court recognizes that under Local Rule 230 the parties are entitled to a full briefing schedule and a hearing and those provisions will not be violated absent the consent of the parties.

1

In this regard, the court asks that the parties be prepared to address the following issues:

1. Plaintiff argues that the eighth amended complaint contains a claim against defendant August Johnson for malicious prosecution and that the defendant failed to move for summary judgment with respect to that claim. (ECF No. 160 at 2.) If the court finds that allegation to be true, does defendant Johnson intend to move to reopen law and motion to permit defendant Johnson to seek summary judgment with respect to that claim, thus requiring that the June 26, 2017 trial date be vacated?

2. Plaintiff also seeks an order removing the "Unreasonable Search and Seizure[]" claims from this action. (Id.) In this regard, plaintiff argues that unreasonable search and seizure "is not a valid cause of action on the deemed eighth amended complaint." (Id.) The eighth amended complaint unmistakably asserts a valid cause of action for unreasonable search and seizure against defendant Johnson.[3] Is it plaintiff's wish to dismiss those claims against defendant Johnson? In this regard, does plaintiff no longer wish to dispute that defendant Johnson had probable cause to search and/or seize plaintiff?[4]

Dated: May 25, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\o'neal2374.hrg.ord

---

[3] For example, the eighth amended complaint alleges that defendant Johnson "illegally search[ed] the Plaintiff's luggage," (ECF No. 33 at 10), that defendant Johnson "falsely arrested [plaintiff] without probable cause," (id. at 16), and that defendant Johnson's conduct violated the Fourth Amendment. (Id. at 12.) The Fourth Amendment protects persons against "unreasonable searches and seizures." U.S. Const. amend. IV.

[4] The eighth amended complaint also asserts a claim for false arrest/imprisonment. "To prevail on his § 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him." Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).