UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'NEAL,<br><br>    Plaintiff,<br><br>v.<br><br>AUGUST JOHNSON, et al.,<br><br>    Defendants. | No. 2:14-cv-2374 DB PS<br><br><br>ORDER |

This matter came before the court on June 23, 2017, for hearing of plaintiff's motion for reconsideration. Plaintiff Sean O'Neal appeared on his own behalf.[1] Attorney Sean Richmond appeared on behalf of defendant August Johnson.[2]

"All rulings of a trial court are subject to revision at any time before the entry of judgment." United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986); see also Fed. R. Civ. P. 54(b) ("any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); Dreith v. Nu Image, Inc., 648 F.3d 779, 787-88 (9th Cir. 2011) ("a district

---

[1] Attorney Matthew Becker also appeared. Mr. Becker has been appointed as standby counsel. (ECF No. 166.)

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 16.)

1

court has the inherent power to revisit its non-final orders"). "Reconsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension." Villanueva v. U.S., 662 F.3d 124, 128 (1st Cir. 2011).

Here, on January 31, 2017, the court issued an order ruling on defendants' motion for summary judgment. (ECF No. 131.) That order addressed the arguments put forth in defendants' motion for summary judgment and concluded by stating:

> . . . defendants' motion for summary judgment is denied as to the eighth amended complaint's claims of unlawful search and seizure and false arrest against defendant Johnson and granted as to the claims of withholding exculpatory evidence and Monell against defendant City of Sacramento. Defendant City of Sacramento is dismissed from this action and the matter will proceed to trial on the unlawful search and seizure, and false arrest claims against defendant Johnson.

(Id. at 20.)

On May 22, 2017, plaintiff filed a motion for reconsideration of the January 31, 2017 order. (ECF No. 158.) In support of his motion, plaintiff argues that his eighth amended complaint, the operative pleading in this action, contained a "Malicious Prosecution [claim] that the Defendants did not even address on their three attempts at Summary Judgment."[3] (ECF No. 160 at 2.) Defendant Johnson's sparse opposition fails to address plaintiff's argument and instead simply asserts that defendant Johnson would "be prejudiced yet again with a further amendment to the pleadings." (ECF No. 169 at 2.) Plaintiff, however, is not seeking to further amend his pleading.

After review of the parties' filings and arguments, the court finds that plaintiff's motion for reconsideration should be granted. At the June 23, 2017 hearing, plaintiff directed the court to the eighth amended complaint's allegations against defendant Johnson for malicious prosecution. (ECF No. 33 at 12.[4]) Defendant Johnson has not challenged those allegations in any respect—not

---

[3] Plaintiff's May 22, 2017 motion for reconsideration also argued that the eighth amended complaint did not contain a claim for unreasonable search and seizure. (ECF No. 160 at 2.) At the June 23, 2017 hearing plaintiff withdrew that argument.
[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF

by way of a motion to dismiss, motion for a more definite statement, summary judgment, or even in opposition to plaintiff's motion for reconsideration. And the court did not include that claim in the January 31, 2017 order. Defendant Johnson did not challenge the January 31, 2017 order.

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's May 22, 2017 motion for reconsideration (ECF No. 158) is granted;

2. This matter will proceed to trial on the eighth amended complaint's unlawful search and seizure, false arrest, and malicious prosecution claims against defendant Johnson[5];

3. The parties' shall file an Amended Joint Pretrial statement on or before **Monday, July 10, 2017**[6];

4. The parties shall appear at a Final Pretrial Conference on **Friday, July 28, 2017, at 1:30 p.m.** in courtroom no. 27 before the undersigned; and

5. Trial will commence on **Monday, August 28, 2017, at 9:00 a.m.** in courtroom no. 27 before the undersigned.

Dated: June 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\o'neal2374.oah.062317

---

system and not to page numbers assigned by the parties.

[5] Although the court inquired at the June 23, 2017 hearing if defendant Johnson would be requesting the opportunity to file a second motion for summary judgment, defendant Johnson has not formally made that request, let alone persuaded this court that the trial of this matter should be further delayed due to defendant's failure to address the arguments put forth by plaintiff's eighth amended complaint and complete failure to oppose plaintiff's motion for reconsideration in any relevant respect. "'[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Judicial Watch v. Department of Army, 466 F.Supp.2d 112, 123 (D. D.C. 2006) (quoting Singh v. George Washington University, 383 F.Supp.2d 99, 101 (D. D.C. 2005)).

[6] Plaintiff and defendant may, but are not required to, file updated separate Amended Pretrial Statements on or before July 10, 2017.